Toby AARONSON et vir, Appellants,

v.

Lillian SHEFMAN, Administratrix, Appellee.

No. 10634.

Court of Civil Appeals of Texas.

Austin.

Oct. 8, 1958.

Rehearing Denied Nov. 12, 1958.

Roland Smallwood, San Antonio, for appellants.

H. A. Triesch, New Braunfels, Oliver & Oliver, San Antonio, for appellee.

ARCHER, Chief Justice.

This suit was filed as a trespass to try title to Lots 15 and 18, in Block 1034, in the City of New Braunfels, Comal County, Texas, by appellants herein, and for a temporary injunction enjoining the appellee herein as administratrix of the Estate of Henry Silver, deceased, (1) mandatorily to immediately vacate the premises, (2) from interfering with appellant's possession of the lots, and (3) from collecting rents. The plaintiff alleged ownership of the property and the possession thereof, and unlawful eviction by the defendant. The defendant, appellee herein, answered by plea of not guilty, and by way of cross action sought the appointment of a receiver and claimed ownership of the property for the Estate of Henry Silver.

At a hearing on June 28, 1958, the application for injunction was denied and Roland Welsch was appointed receiver of the property with enumerated powers, etc.

The appeal is based on two assignments of error and are as follows:

"First Point of Error: The denial of the temporary injunction and mandatory injunction sought by the appellants constitutes an abuse of the judicial discretion of the trial court, the effect of such order being to destroy instead of to preserve the status quo of the parties.

"Second Point of Error: The appointment of a receiver to take possession of the property involved constituted an abuse of the trial court's judicial discretion, such appointment having the effect of destroying the status quo of the parties and there being no sworn pleading or evidence that the appellants are insolvent and unable to respond in damages or any other showing of justification for depriving appellants of the possession of the property."

We do not believe there was as an abuse of discretion by the court in denying the temporary injunction.

The estate of the deceased Silver is solvent and the bond of the administratrix would be sufficient to account for any rents or damages to the property if the appellant should prevail in a trial on the merits.

The estate of Henry Silver is estimated by appellant as being worth more than $50,000, and the heirs are his four children.

The court appointed a receiver for the property until a trial on its merits. The appointment of the receiver, in view of the existence of an administratrix duly appointed and acting as such, was not essential, and such receivership is dissolved and the receiver directed to account to the administratrix of the Estate of Henry Silver for all sums received and disbursed.

The appointment of a receiver is not for the benefit of the applicant, but to receive and preserve the property for the benefit of all parties and, as stated, the interests of all parties are preserved in the administrative proceedings of the estate.

The judgment of the Trial Court is affirmed, except as to the appointment of a receiver, and in this respect the judgment is reversed and the receivership dissolved.

Affirmed in part and in part reversed.

HUGHES, J., not sitting.